Evan M. Newman (EN 2724)
Aviva Francis (AF 1841)
NEWMAN LAW P.C
*Attorneys for VC2L LLC*
377 Pearsall Ave, Suite C
Cedarhurst, New York 11516

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

NONNA BADALOVA,

                   Debtor.
---------------------------------------------------------x
VC2L LLC,

                   Plaintiff,

    -against-

NONNA BADALOVA,

                 Defendant.
---------------------------------------------------------x

Chapter 7

Case No. 1-15-40586 (NHL)

Adversary Proceeding #:

**<u>COMPLAINT FOR DETERMINATION OF DISCHARBEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE</u>**

Plaintiff-Creditor VC2L LLC ("VC2L" or "Plaintiff") as and for its Complaint against Defendant-Debtor Nonna Badalova (the "Debtor" or "Defendant"), respectfully alleges as follows:

**<u>JURISDICTION</u>**

1.     On or about February 16, 2015, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the Unites States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2. As of the date of this Complaint the Debtor has not been granted a discharge.

3. The Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine discharge ability of a debtor was extended by the Court's so-ordered record on January 24, 2017, which extended the deadline to March 31, 2017.

4. This is an adversary proceeding in which the Plaintiff is objecting to the Debtor's discharge under the Bankruptcy Code §§727(a)(2)(3) and (4) and is seeking a determination as to the discharge ability of the debt owed by the Debtor to Plaintiff.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code §727.

6. The case is a core proceeding pursuant to 28 U.S.C. §157(b)(20(I)&(J).

## THE PARTIES

7. Plaintiff is a New York limited liability company and maintains its principal place of business at 230 Park Avenue, Suite 539, New York, New York.

8. Plaintiff is a judgment creditor of the Debtor.

9. Defendant is the Debtor in the above-captioned case and resides at 2662 West 2nd Street, Apartment 2B, Brooklyn, New York 11223.

### Background of the Plaintiff's Judgment

10. On or about November 20, 2006, plaintiff's predecessor-in-interest, WMC Mortgage Corp. ("WMC") provided $150,000.00 to Defendant in connection with a loan transaction (the "Loan"). To memorialize the Loan, Defendant executed a note (the "Note") in favor of WMC.

11. In addition, to further secure the Loan, Defendant executed a mortgage on property located at 4600 Surf Avenue a/k/a 4636/4646 Beach 46th Street, Brooklyn, New York

(the "Property") (the "Mortgage").  The Mortgage was a second lien on the Property.

12. Pursuant to an Assignment of Mortgage dated July 20, 2011, WMC assigned the Note, Mortgage and all of its rights and interest in the Loan to Plaintiff.

13. Pursuant to the terms of the Note, Defendant was to make regular monthly payments of $1,234.01 until the loan matured in December 2036.

14. Defendant made payments of the Loan until October 1, 2008, including $1,881.71 in principal payments.

15. Defendant thereafter defaulted under her obligations by failing to make any monthly payments since October 1, 2008.

16. On or about August 4, 2011, VC2L sent a notice of default to defendant.

17. Defendant has failed to comply with the repayment demand. As a result of defendant's refusal to repay the loan, there remains due and owing from defendant to VC2L the sum of $148,118.71 plus interest in the amount of 9.25% per annum pursuant to the terms of the Note.

18. As a result of the Defendant's default, Plaintiff proceeded by filing a Summary Judgment in Lieu of Complaint in New York Supreme Court under index number, 654141/2013. (the "Action").

19. Ultimately, the Court granted Plaintiff a Judgment in the Action for a total amount of $227,676.49 comprising of outstanding principal, interest and costs and disbursements through July 8, 2014 (the "Judgment"). The Judgment was thereafter entered with the Clerk of the Court on July 16, 2014.

20. Plaintiff also received a judgment in the Action for attorney's fees in the amount of $3,494.04 which includes interest through July 8, 2014 ("Legal Fee Judgment"). The Legal

Fee Judgment was thereafter entered with the Clerk of the Court on July 16, 2014.

21.  In an effort to collect the Judgment, on August 19, 2014 VC2L issued an information subpoena pursuant to CPLR 5224, on the Defendant. The purpose of the Subpoena was to obtain information regarding the whereabouts of the Defendant's assets in furtherance of the enforcement of the Judgment. The requested information, in testimonial and documentary form, is essential to the enforcement of the Judgment.

22.  The Subpoena was served on August 19, 2014, to the Defendant personally at her home.   The Defendant failed to comply with the subpoena.

23.  Upon information and belief, after the Judgment was entered, Defendant opened up a Bank account named NBMD, Inc. solely to frustrate Plaintiff's ability to collect on the Judgment.

24.  Upon information and belief, after the Judgment was entered, Defendant opened up a Bank account named "Nicole L. Akovbyan by Nonna Badalova NYUTMA to frustrate Plaintiff's ability to collect on the Judgment.

25.  Accordingly, on September 15, 2014, Plaintiff made a motion in the Action to compel compliance or in the alternative to hold the Defendant in Contempt. For procedural purposes the motion needed to be resubmitted and the Court ultimately signed the Order to Show Cause on December 11, 2014 requiring the parties to appear in Court.

26.  In an effort to avoid the subpoena issued within the Action, on February 16, 2015, the Defendant filed for Bankruptcy which stayed the Action.

27.  To date there has been no payment towards the Judgment, the Judgment has not been appealed, vacated or modified and is a final judgment.

**THE BANKRUPTCY**

28. The Debtor's initial Petition and Schedules contained wholly inaccurate information, including, but not limited to:

   (a) Failing to list bank accounts that were clearly part of the Debtor's Estate;

   (b) Entitling the Defendant as a "student" on Schedule I at the time of filing, when she in fact was not a student at that time;

   (c) Failing to list payments made to creditors within 90 days of filing the Petition. *See* Exhibit A for the Petition.

29. Further, after ignoring several Court orders, the Plaintiff was finally able to examine the Defendant under Oath which revealed, among other things, that:

   (a) since the filing of the Petition, the Debtor has failed to account for the money coming in and/or out of her bank account.

   (b) Upon information and belief, since the Petition was filed the Defendant is making payments for "friends" and non-debtors or dependents without reporting same.

   (c) Upon information and belief, since the Petition was filed the Defendant is withdrawing large sums of money from the Estate's bank account without maintaining a record of same.

30. Plaintiff timely filed a proof of claim for the Judgment and the Legal Fee Judgment on March 12, 2015. *See* Exhibit B for the Proof of Claim for the Judgment and Exhibit C for the Proof of Claim for the Legal Fee Judgment.

## COUNT I

### NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION § 727(a)(2)

31. Plaintiff repeats and re-alleges the allegations set forth in the above paragraphs of

this Complaint as if set forth at length herein.

32. Bankruptcy Code §727(a)(2) provides, in relevant part, that:

**(a)**The court shall grant the debtor a discharge, unless—
    **(2)**the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
    **(A)** property of the debtor, within one year before the date of the filing of the petition; or
    **(B)** property of the estate, after the date of the filing of the petition;

33. As set forth above, the Defendant intentionally ignored Plaintiff's information subpoena served in the Action.

34. Further, upon information and belief, subsequent to the entering of the Judgment, in or around November, 2014, the Debtor created a shell entity NBMS, Inc. solely to transfer assets to this shell entity to prevent Plaintiff from collecting on the Judgment.

35. Upon information and belief, subsequent to the entering of the Judgment, in or around November, 2014, the Defendant opened various bank accounts to frustrate Plaintiff's ability to collect on the Judgment.

36. Upon information and belief, the Debtor transferred property to these bank accounts or elsewhere to hinder Plaintiff's ability to collect on the Judgment.

37. In addition, since the Petition was filed, the Debtor continues to transfer money to other bank accounts, withdraw money from the Debtor's account without accounting for same, and upon information and belief, transfers money from the Debtor account by paying for unrelated parties' expenses.

38. By virtue of the foregoing, the Defendant's discharge should be denied under Bankruptcy Code §727(a)(2).

## COUNT II

### NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT
### UNDER SECTION § 727(a)(3)

39. Plaintiff repeats and re-alleges the allegations set forth in the above paragraphs of this Complaint as if set forth at length herein.

40. Bankruptcy Code §727(a)(3) provides, in relevant part, that:

**(a)** The court shall grant the debtor a discharge, unless—

> **(3)** the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

41. As set forth above, since the filing of the Petition, the Debtor has failed to maintain records of the money withdrawn from the Estate's bank account.

42. In fact, the Debtor withdrew between hundreds and two thousand dollars a month without providing a single receipt of what was purchased with the funds withdrawn.

43. For example, the Debtor withdrew from her account approximately $2,300 in April, 2015, $1,200 in April, 2016 and $1,300.00 in July, 2016 without providing any accounting and without maintaining receipts for same.

44. In addition, there are payments made directly from the Defendant's account made to various online stores without any documentation to support the purchases and for whom the purchases were for.

45. By virtue of the foregoing, the Defendant's discharge should be denied under Bankruptcy Code §727(a)(3).

## COUNT III

### NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT
### UNDER SECTION § 727(a)(4)

46. Plaintiff repeats and re-alleges the allegations set forth in the above paragraphs of this Complaint as if set forth at length herein.

47. Bankruptcy Code §727(a)(4) provides, in relevant part, that:

(**a**)The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or on connection with the case-

(A) made a false oath or account

48. The Defendant knowingly and fraudulently, in connection with the case, made false oaths or accounts, in the following manners:

49. First, in the Petition, the Defendant identified herself as a "full-time Student" when in fact on February 16, 2015 the Defendant was not a student and knew she was not a student at the time she filed the Petition.

50. Second, in the Petition, the Debtor fails to identify "payment to creditors," in the approximate amount of $10,000 that was paid to creditors known as "Toysrus," "TJX Rewards Mastercard" and "Brooks Brothers Mastercard" on or around November 19, 2014 – within 90 days of filing the Petition.

51. Although, the errors were later rectified in an amended schedules files a year and a half after the Petition, the Defendant, at all times, knew these facts.

52. Third, in the Petition the Debtor states that there were no transfers of property within two years of the of the Petition, the Petition fails to mention that she opened two bank accounts and upon information and belief transferred money to said accounts to avoid repayment

of Plaintiff's Judgment.

53. Fourth, the initial schedules only lists one Chase Account, the Debtor is in fact in control of at least three chase accounts. Although her schedules were amended to reflect two additional accounts, they were only amended on December 7, 2016, nearly a year and a half after the Petition was filed.

54. Fifth, the Defendant failed to set forth in her schedules that her mother who resides with her pays a portion of the rental expense for her residence and instead lists the entire rent as an expense and does not include the payments received from her mother as income.

55. By virtue of the Defendant's false representations and omissions, and the oath she took concerning the veracity of her submissions, the Debtor's discharge should be denied under Bankruptcy Code §727 (a)(4)(A).

WHEREFORE, plaintiff respectfully request that this Court enter a Judgment determining that the debtor reflected in the Judgment entered in favor of Plaintiff against the Debtor on July 16, 2014, is non-dischargeable under the Bankruptcy Code §727(a)(2), (3) & (4)(A), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: Cedarhurst, New York  NEWMAN LAW P.C
     March 23, 2017  *Attorneys for VC2L LLC*

By: ____/s/_____
    Evan Newman (enewman@newmanlawpc.com)
    Aviva Francis (afrancis@newmanlawpc.com)
    377 Pearsall Ave, Suite C
    Cedarhurst, New York 11516
    Telephone: (516) 545-0343
    Facsimile: (212) 671-1883